## LORILLARD *vs.* SILVER.

The defendant having purchased a piece of land of the plaintiff for $2500, and given his note for that sum and taken a conveyance, on the same day, and as a part of the transaction, executed an agreement, by which he promised to pay to the plaintiff, in consideration of said purchase, over and above the amount specified in said note, $500 in case he realized $3500 for the land, or any other sum between $3000 and $3500, for which he might sell the

Lorillard *v.* Silver.

land; *Held* that whenever all the conditions of the agreement were covered, as they would be by a sale at $3500, or by a bona fide offer of that sum from a party able to perform, the defendant was bound to sell, or to account to the plaintiff, at once, for the $500.

APPEAL from a judgment entered upon the report of a referee. The referee found the following facts, viz: On the 26th day of March, 1856, the plaintiff conveyed to the defendant, by warranty deed, the premises described in the complaint, situate in the town of Saugerties; and the defendant in consideration therefor gave to the plaintiff, according to their agreement, his note for twenty-five hundred dollars, which was subsequently paid, and also an agreement in writing, which was part of the transaction in regard to the sale of said premises. The agreement was as follows:

" This is to certify that I agree to pay to Blase Lorillard, in consideration of a certain piece, parcel or tract of land, purchased of him as per deed bearing date this twenty-sixth day of March, one thousand eight hundred and fifty-six, over and above the amount specified in a note given by me to him bearing the same date, five hundred dollars in case I realize thirty-five hundred dollars for said land, or any other sum between three thousand and thirty-five hundred that I may sell said land for, less the interest on said purchase after six months and to the time I may dispose of the same.

Saugerties, March 26th, 1856."

The evidence showed that previous to the time of the sale of the property to the defendant, the plaintiff, while the owner of it, had been trying for several years to dispose of it at public and private sale, and had not succeeded, and was desirous of selling said property.

The referee found that the premises were purchased on speculation by the defendant, for the purpose of selling again at the best price he could obtain for them, and not as a permanent investment. That in the summer of 1856, William C. DeWitt, in behalf of Gilbert E. Palen, a responsible man, opened a negotiation with the defendant for the purchase of

said premises, and during that negotiation offered $4500 for the same. The defendant informed him that his price was $5000. The matter stopped there, the offer was not renewed, and soon afterwards Mr. Palen removed to Pennsylvania. That in the fall of 1856 the price of real estate went down in the town of Saugerties, and after the time of the offer of Mr. DeWitt there was no evidence or pretense that the defendant had had an opportunity to sell the premises even for the sum that he actually paid for the same.

The plaintiff in his complaint claimed to recover from the defendant the sum of $500, with interest from 26th of September, 1856. The basis of his claim for this recovery was this offer made in behalf of Mr. Palen.

The referee found, as a conclusion of law, that the plaintiff was not entitled to recover any thing from the defendant, and reported that there was nothing due to the plaintiff from the defendant.

*E. Cooke,* for the appellant.

*E. Whitaker,* for the respondent.

GOULD, J. It seems to me that the true construction of the transaction proved in this case is this: The plaintiff, owning certain land, at Saugerties, wished to make it an object to some one to sell it for him, at a high price; and intended to offer a bonus of $500 and as much more as could fairly be realized, to the defendant, if he would take the title, negotiate a sale, and pay a part of the excess, (over $3000,) which he might obtain for the property. I think that is the substance of the written memorandum. It says, a note for $2500 is given; then the defendant is to have the next $500; then the plaintiff is to have the further price obtained, up to $3500; and if any thing more is obtained it goes to the defendant.

The only question then is, upon such a contract, was the

Lorillard *v.* Silver.

taker of the title so far the absolute owner of, and sole party in interest in, that land, that he was at liberty to refuse any offer which covered *all* the conditions on which he received the property ?    It seems to me that whenever *all* those conditions were covered, (as they would be by a sale at $3500, or by a *bona fide* offer from a party able to perform,) the defendant was bound to sell, or to account at once for the $500, balance of the price Lorillard intended to obtain.

The referee has found that such an offer of $3500 cash, from a party who could have paid the cash, was made to the defendant.   He does not find that it was refused; and he does find that it was *not renewed.*   It was not necessary that it should be renewed.   One such offer was enough to fix the defendant's liability.   And as the referee does not find that it was accepted, it was necessarily refused.

The judgment entered on the report of the referee should be *reversed;* and a new trial ordered; costs to abide the event.

WRIGHT, J. concurred.

HOGEBOOM, J. concurred in the result.

New trial granted.

[ALBANY GENERAL TERM, September 2, 1861.   *Wright, Gould* and *Hogeboom,* Justices.]